UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ALDERAY SIMMONDS,

                              Plaintiff,

                   v.

FAMILY DOLLAR STORE, CLIFF MOLIN,
POLICE OFFICER LANCE WALTER,
DISTRICT ATTORNEY RICHARD BROWN,
FERN MERENSTEIN, ESQ., and EDUARDO
SANTIAGO,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-1241 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Alderay Simmonds, proceeding *pro se* and currently incarcerated at Hale Creek ASACTC Correctional Facility,[1] commenced the above-captioned action on February 22, 2018, against Family Dollar Store and its store manager Cliff Molin, Police Officer Lance Walter, Queens County District Attorney Richard Brown, Assistant District Attorney Adam Brody,[2] Legal Aid Attorney Fern Merenstein, and Eduardo Santiago, pursuant to 42 U.S.C. § 1983

---

    [1] Although Plaintiff was incarcerated at Franklin Correctional Facility when he filed this action, he is currently incarcerated at Hale Creek ASACTC Correctional Facility according to the New York State Department of Corrections and Community Supervision ("DOCCS") inmate lookup information. *See* New York State DOCCS "Inmate Lookup," http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Oct. 16, 2018). The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information. *See Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases).

    [2] While Brody is not listed in the caption of Plaintiff's Complaint, he is listed in the section entitled "Parties to this Action." (*See* Compl. 1, Docket Entry No. 1.) The Court therefore considers Brody a named Defendant.

alleging violations of his federal constitutional rights. (Compl., Docket Entry No. 1.) By Order dated September 30, 2018, Magistrate Judge Lois Bloom granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Ord. dated September 30, 2018, Docket Entry No. 12.) For the reasons discussed below, the Court dismisses the Complaint.

## I. Background

The Court accepts as true the factual allegations in the Complaint for the purposes of this Memorandum and Order.[3]

Plaintiff alleges that on May 7, 2015, he was falsely arrested and charged with robbery for attempting to steal several bottles of Tide detergent from a Family Dollar Store in Queens, New York. (Compl. 1, 4, 60.) Cliff Molin, the store manager, caught Plaintiff in the act of stealing, at which point Plaintiff attempted to return the items but Molin refused to accept them. (*Id.* at 60.) Molin instead choked Plaintiff. (*Id.*) Plaintiff then attempted to flee but Eduardo Santiago, a bystander, stopped him, and together, Molin and Santiago beat Plaintiff and detained him until the police arrived. (*Id.*)

When the police arrived, Molin and Santiago both described Plaintiff as the aggressor. Molin "told the officers that Plaintiff threw him to the floor," and Santiago similarly reported "that Plaintiff hit him about the body with a closed fist." (*Id.*) Plaintiff denied these allegations, and requested that Officer Walter, the officer investigating the incident, review Family Dollar's

---

[3] Plaintiff has attached various state court documents to the Complaint. The Court may take judicial notice of such documents because they are attached to the Complaint. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." (quoting *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004))). For ease of reference, the Court cites to all such documents as the "Complaint." In addition, because the pages of the Complaint and the attached documents are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

surveillance tapes, but Walter never did so. (*Id.* at 61.) Plaintiff alleges that Molin and Walter instead "edited the [surveillance] video" to make it appear that Plaintiff was the aggressor and "ensure [his] incarceration." (*Id.* at 61–62.) Plaintiff further alleges that Molin and Walter edited the footage to protect Molin, whose conduct Plaintiff claims violated store policy regarding the appropriate way to handle shoplifters. (*Id.* at 61.) Plaintiff also "believes the store may have paid the officer to destroy the video to save the business from [a] lawsuit." (*Id.* at 62.)

After the incident, Plaintiff "was bleeding heavily from his left hand" but "was denied medical attention . . . ." (*Id.* at 64.) Plaintiff "heard and saw when both" Molin and Santiago entered the ambulance and believes "that they were totally fine," following the altercation. (*Id.* at 63.)

Plaintiff was charged with, among other charges, robbery in the second degree under New York Penal Law § 160.10-2A. (*See id.* at 16.) On July 27, 2015, Plaintiff informed his Legal Aid Attorney, Fern Merenstein, "that he want[ed] to attend his grand jury hearing so that he may ask for all the medical records [of Molin and Santiago], and all of the video," but Merenstein denied Plaintiff's request. (*Id.* at 65.) Plaintiff further requested that Merenstein "see if she can get the charge lowered to robbery [in the third degree]," but Merenstein explained that the prosecutor would not entertain a plea bargain that involved pleading guilty to a lesser charge.[4] (*Id.* at 64.) Plaintiff was indicted, (*see id.* at 37), and convicted at trial, *see* New York State DOCCS "Inmate Lookup."

Plaintiff alleges that his rights were violated because (1) "he was denied freedom of

---

[4] The Court notes that Plaintiff's "Inmate Lookup" information reflects that he was ultimately convicted of robbery in the third degree. *See* New York State DOCCS "Inmate Lookup," http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Oct. 16, 2018).

3

speech when he was not allowed to attend his grand jury hearing"; (2) he was not offered a plea bargain for a charge lesser than the one he was ultimately convicted of; (3) the grand jury was not given "the proper terms and definition[s]" of the charged offenses; (4) he was attacked by Molin and Santiago, who improperly "acted as if they were part of law enforcement"; (5) he was falsely arrested by Walter; (6) he was denied his right to testify before the grand jury by his attorney and the District Attorney; (7) Molin and Santiago "made false . . . statements to ensure [his] conviction"; (8) he was subjected to cruel and unusual punishment; (9) he was not given a fair trial; and (10) he suffered "deprivation of liberty." (*Id.* at 3–4.) Plaintiff seeks damages and declaratory relief. (*Id.* at 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court

determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's claims against the District Attorney and Assistant District Attorney

Plaintiff's claims against Queens County District Attorney Richard A. Brown and Assistant District Attorney Adam Brody are barred by absolute immunity.

As the Supreme Court and the Second Circuit have repeatedly recognized, prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (citations and internal quotation marks omitted)); *McDonough v. Smith*, 898 F.3d 259, 269 (2d Cir. 2018) ("Prosecutors are protected by absolute immunity for their acts that are 'intimately associated with the judicial phase of the criminal process' and their role as advocates . . . ." (quoting *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013))); *Nunez v. City of New York*, 735 F. App'x 756, 760 (2d Cir. 2018) (affirming dismissal of claims against prosecutor for conduct pertaining to role as an advocate in judicial proceedings); *Byrne v. City of New York*, 736 F. App'x 263, 265 (2d Cir. 2018) (same); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [section] 1983" (citations omitted)). The Supreme Court has explained that a prosecutor's functions prior to the initiation of proceedings include "whether to present a case to the grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Imbler v. Pachtman*,

424 U.S. 409, 431 n.33 (1976); *Shmueli*, 424 F.3d at 237 ("[T]he prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless he proceeds in the clear absence of all jurisdiction.'" (alteration omitted) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987))).

Plaintiff alleges that District Attorney Brown and Assistant District Attorney Brody failed to give a proper instruction to the grand jury. (Compl. 3–4.) Because the alleged wrongdoing occurred in their prosecutorial capacity, Plaintiff's claims against these Defendants are barred by absolute immunity. The Court dismisses these claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

### c. Plaintiff's section 1983 claim against Police Officer Walter

To the extent that Plaintiff is seeking to assert a claim for damages against Police Officer Walter pursuant to 42 U.S.C. § 1983, such a claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

An individual convicted of a crime may not bring a section 1983 suit for damages that "necessarily impl[ies] the invalidity of his conviction or sentence . . . unless [he] can demonstrate that the conviction or sentence has already been invalidated."[5] *Heck*, 512 U.S. at 487; *Shapard v. Attea*, 710 F. App'x 15, 17 (2d Cir. 2017); *Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir.

---

[5] In *Heck*, the United States Supreme Court held:
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

2017); *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (discussing that plaintiffs may seek damages for "'wrong procedures, [but] not for reaching the wrong result,' [so long as that] procedural defect did not 'necessarily imply the invalidity of' the revocation" (quoting *Heck*, 512 U.S. at 482–83, 487)). *Heck*'s limitation of section 1983 claims has come to be known as the "favorable-termination" rule. *See Victory v. Pataki*, 632 F. App'x 41, 44 (2d Cir. 2016) (finding "*Heck*'s . . . favorable termination requirement" to be satisfied). A plaintiff challenging his arrest must therefore demonstrate that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

Although Plaintiff notes that "he is not challenging his sentence, or the fact that he lost his trial and is trying to get the charge dismissed," (Compl. 64), any claim for damages against Walter would nevertheless implicate Plaintiff's conviction. The gravamen of Plaintiff's claim against Walter is that Walter engaged in misconduct to secure Plaintiff's wrongful incarceration and conviction in order to protect Molin and the Family Dollar store. Because Plaintiff does not allege that his conviction has been reversed, declared invalid, or called into question by the issuance of a writ of habeas corpus, Plaintiff cannot assert a section 1983 claim seeking damages against Walter. Therefore, to the extent Plaintiff seeks damages for his current incarceration, the Court dismisses this claim without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(iii).

### d. Plaintiff's section 1983 claims against Defendants Family Dollar Store, Molin, Santiago, and Merenstein

Plaintiff's claims cannot proceed against the Family Dollar Store, Molin, Santiago or Merenstein because he fails to show that these Defendants acted under color of state law.

7

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

It is well established that court-appointed attorneys do not act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client" (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Brown v. Legal Aid Soc.*, 367 F. App'x at 216 (2d Cir. 2010) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk Cty.*, 454 U.S. at 325)); *Rodriguez*, 116 F.3d at 65–66 ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and are therefore not subject to suit under 42 U.S.C. § 1983." (collecting cases)); *Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); *Garcia v. City of New York*,

No. 13-CV-4655, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (finding that a Legal Aid Society attorney was not acting under color of state law when he represented a plaintiff in criminal court); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment." (citing *Polk Cty.*, 454 U.S. at 325)).

Defendants Family Dollar Store, Molin, Santiago, and Merenstein are all private parties. Family Dollar Store is a private business, Molin is an employee of Family Dollar Store, and Santiago is a private citizen who was in the store when the events occurred.[6] In addition, Merenstein, Plaintiff's attorney from the Legal Aid Society, is also not a state actor. *See Brown*, 367 F. App'x at 216; *Rodriguez*, 116 F.3d at 65–66.

Accordingly, Plaintiff fails to state a claim against Defendants Family Dollar Store, Molin, Santiago, and Merenstein under section 1983. The Court dismisses the Complaint as to these Defendants pursuant to 28 U.S.C. §1915(e)(2)(B).

### e. Habeas relief

Plaintiff has filed several affidavits which reference what the Court understands to be a motion for post-conviction relief filed in state court. (*See* Aff. dated July 9, 2018, Docket Entry No. 7 (discussing the filing of a "state habeas corpus for immediate release").) Plaintiff alleges that the state court has been unresponsive to his motion, and he seeks to "re-do the habeas motion and send it to federal[]." (Aff. dated July 9, 2018, at 2; *see also* Aff. dated July 23, 2018,

---

[6] Plaintiff alleges that Molin and Santiago "acted as if they were part of law enforcement" during their altercation. (Compl. 3.) But this allegation is plainly insufficient to establish that Morin and Santiago were in fact acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (U.S. 1988) ("A person acts under color of state law if he 'exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (alteration omitted)).

Docket Entry No. 9 (requesting that the Court "please retrieve the Petition . . . which he submitted to the [s]tate [c]ourts, and submit the petition to your [C]ourt, and to have the petition as a federal habeas petition").)

To the extent Plaintiff seeks federal habeas relief from his incarceration, Plaintiff may wish to file a habeas petition with the Court articulating the basis for such relief. Plaintiff states that the basis for his proposed petition would be an "actual innocence" claim.[7]

"[A] claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (citing *House v. Bell,* 547 U.S. 518, 521, 538 (2006)); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (describing what makes a claim credible). A credible claim of actual innocence consists of "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also House*, 547 U.S. at 537 (citing the *Schlup* credibility standard); *Rivas*, 687 F.3d at 541 (same). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 538). The district court must "'consider all the evidence, old and new, incriminating and exculpatory,' and, viewing the record as a whole, . . . 'make a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Rivas*, 687 F.3d at 542 (quoting *House*, 547 U.S. at 538).

"Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before

---

[7] (*See* Affidavit dated July 23, 2018, 2, Docket Entry No. 9 ("This claim will be an actual innocence claim.").)

filing for federal habeas relief." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). "This requires that the prisoner fairly present his constitutional claim to the state court, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (citation and internal quotation marks omitted). "While a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement, he must tender his claim in terms that are likely to alert the state courts to the claim's federal nature." *Id.* (citation and internal quotation marks omitted). If a prisoner returned to the state courts to file the unexhausted claims and the state courts would refuse to hear those claims due to a state procedural rule, the claims are procedurally defaulted and not subject to federal review. *Id.* Failure to demonstrate exhaustion may be grounds for dismissal. *See Jackson*, 763 F.3d at 133.

Plaintiff would also need to establish that his claims for federal habeas relief are timely. Habeas petitions seeking relief from state custody are subject to AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This means that, generally speaking, the petition must be brought within one year of the latest of four events listed in the statute.[8] Because it appears that

---

[8] The one-year period runs from the date on which the latest of four events occurs:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

11

any petition Plaintiff files would be outside the one-year limitations period, Plaintiff would need to include facts in his petition to support the application of statutory or equitable tolling.[9]

---

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, section 2244(d)(2) does not toll the AEDPA limitations period if the relevant post-conviction motion was submitted after the AEDPA limitations period already expired. *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period).

[9] In order for statutory tolling under section 2244(d)(1)(B) to apply, a petitioner must demonstrate that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13-CV-3989, 2014 WL 2854631, at *6 (S.D.N.Y. June 20, 2014) (adopting report and recommendation) (quoting *Rush v. Lempke*, No. 09-CV-3464, 2011 WL 477807, at *9 (E.D.N.Y. Feb. 2, 2011)); *Whitted v. Martuscello*, No. 11-CV-1222, 2014 WL 1345920, at *4 (S.D.N.Y. Apr. 3, 2014) (same). In order for equitable tolling to apply, Plaintiff must include facts showing "rare and exceptional circumstances," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), and facts demonstrating: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011); *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011). In addition, the Supreme Court and Second Circuit have held that a credible and compelling showing of actual innocence constitutes an equitable exception to AEDPA's limitation period. *See McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013); *Rivas v. Fischer*, 687 F.3d 514, 552 (2d Cir. 2012).

### III. Conclusion

Accordingly, for the reasons set forth above, the Court dismisses the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 25, 2018
      Brooklyn, New York